UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GALDINO SANTIAGO CRUZ, on behalf of himself, and
all other persons similarly situated,

                                    Docket No.:

              Plaintiff,

     -against-                       **COMPLAINT**

ELITE RIM REPAIRS LLC, PAUL SCHWEID, and
VINCENT LUCA,

             Defendants.
------------------------------------------------------------------------X

Plaintiff, GALDINO SANTIAGO CRUZ ("Plaintiff"), on behalf of himself, and all other persons similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, ELITE RIM REPAIRS LLC ("Elite Rim"), PAUL SCHWEID ("Schweid"), and VINCENT LUCA ("Luca," together, along with Elite Rim and Schweid, as "Defendants"), allege as follows:

## NATURE OF THE CLAIM

1. Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 142 ("NYLL"), as well as to recover unpaid minimum wages under the NYLL for Defendants failure to compensate him at all times above the minimum wage rate, for failure to provide spread of hours pay in violation of the NYLL, for failure to furnish accurate wage statements for each pay period under NYLL § 195(3), for failure to provide a wage notice upon his hire, or anytime thereafter, under NYLL § 195(1), and any other claim(s) that can be inferred from the facts set forth herein.

1

2. Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, and all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 201, *et seq*. and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

5. Plaintiff is a resident of the County of Nassau, State of New York.

6. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2), (4).

7. At all relevant times, Defendant Elite Rim is and was a domestic limited liability company with its principal place of business at 30 West Ames Court, Plainview, New York 11803.

8. At all relevant times, Defendant Elite Rim was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of wheels, tires,

rims, general automotive parts, power tools, and equipment, all of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originate from out of New York State.

9. At all times relevant, Defendant Schweid, was active in the day to day management of the corporate defendants, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, scheduling and delegation of assignments, discipline of Plaintiff, had the power to hire and fire employees and approve all personnel decisions, was responsible for maintaining personnel records relating to Plaintiff's employment, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

10. At all times relevant, Defendant Luca, was active in the day to day management of the corporate defendants, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, scheduling and delegation of assignments, discipline of Plaintiff, had the power to hire and fire employees and approve all personnel decisions, was responsible for maintaining personnel records relating to Plaintiff's employment, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

**FACTS**

11. Defendants are an automotive detail and repair shop and its owners and day-to-day overseers, that provided vehicle repair and detailing services at their principal place of business, located at 30 West Ames Court, Plainview, New York 11803.

12. Plaintiff commenced his employment with Defendants in or about 2016 as a laborer and repair man, positions that he held until on or about July 11, 2022.

13. Throughout his employment, Defendants required Plaintiff to work, and he did in fact work, five days per week: Monday through Friday, from 6:00 a.m. until between 4:30 p.m.

and 5:00 p.m. each day. Therefore, throughout his employment, Plaintiff regularly worked between fifty-two and one half and fifty-five hours each week.

14.     Throughout his employment, Defendants paid Plaintiff a flat weekly salary of $550.00 each week, for all hours worked, including those in excess of forty. As a result, Defendants paid Plaintiff an hourly rate approximately $10.00 per hour throughout his employment.

15.     Thus, from at least December 31, 2018 through the remainder of his employment, Defendants failed to compensate Plaintiff at least at the minimum wage rate for each hour worked, including those worked in excess of forty each week, in violation of the NYLL.

16.     Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, in excess of forty hours during each workweek.

17.     Throughout his employment, Defendants failed to pay Plaintiff at the statutorily required overtime rate of one and one-half times his regular rate of pay, or one and one-half the minimum wage rate, whichever is greater, for hours worked in excess of forty hours in violation of the FLSA and NYLL.

18.     Throughout his employment, Plaintiff routinely worked shifts that exceeded ten hours between the beginning and the end of his workday.

19.     Defendants failed to pay Plaintiff spread-of-hours pay for each day in which his spread of hours exceeded ten hours.

20.     Defendants failed to provide Plaintiff with a proper wage notice upon his hire, or anytime thereafter, as required by NYLL § 195(1).

21. Defendants failed to provide Plaintiff with accurate wage statements including, *inter alia*, his correct hourly regular and overtime rates of pay, his correct gross pay, net pay, and amounts of any deductions and allowances, for each pay period, as required by NYLL § 195(3).

22. By failing to properly detail Plaintiff's hourly rate upon his hire, or anytime thereafter, as well as his actual number of hours worked each workweek as required by NYLL §§ 195(1) and (3), Defendants caused actual and concrete harm to Plaintiff, who was unable to determine that Defendants had failed to pay him overtime wages, or that they failed to pay him at least at the minimum wage rate throughout his employment.

23. With no way to know how much he should have been making, Plaintiff worked for approximately six years without discovering that he had been underpaid nearly every week.

24. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by failing to pay Plaintiff in accordance with their respective hours worked.

25. Defendants treated and paid Plaintiff and the putative class and collective action members in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

26. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

27. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The

named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interests in in bringing this action.

28. Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself, individually, and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants as a non-exempt laborer, repair person, and/or in a similarly situated position, at any time during the three (3) years prior to the filing of their respective consent forms.

29. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## FIRST CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

30. Plaintiff and FLSA Collective Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

31. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, or one and one-half times the minimum wage rate, in violation of the FLSA.

32. Defendants' violations of the FLSA have been willful and intentional.

33. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

34. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

35. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

36. Defendants employed Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty (40) hours and failed to compensate the Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, for hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

37. By Defendants' failure to pay Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, overtime wages for hours worked in excess of 40 hours per week, Defendants violated the New York Labor Law Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

38. Defendants' violations of the New York Labor Law have been willful and intentional.

39. Due to Defendants' violations of the New York Labor Law, Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants

unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

### THIRD CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – MINIMUM WAGES)

40. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

41. Defendants employed Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, willfully failed to pay Plaintiff, Defendants employed Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, the applicable minimum wage rates for all hours worked, in violation of the New York Labor Law and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

42. Defendants' violations of the New York Labor Law have been willful and intentional.

43. Due to Defendants' violations of the New York Labor Law, Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

### FOURTH CLAIM FOR RELIEF
### (NEW YORK LABOR LAW: SPREAD OF HOURS)

44. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendants willfully failed to pay Plaintiffs one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in

8

violation of New York Labor Law and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

46.     Plaintiff is entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

**FIFTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 195(3))**

47.     Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

48.     Defendants failed to provide Plaintiff and any FLSA Collective Action Plaintiff who opts-in to this action, with accurate statements of their wages earned, including, *inter alia*, their regular and overtime rates of pay, number of regular and overtime hours worked, or correct net pay, each pay period as required by New York Labor Law § 195(3).

49.     Due to Defendants' failure to provide Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements as required by New York Labor Law § 195(3), Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

**SIXTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 195(1))**

50.     Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

51.     Defendants failed to provide Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon hire regarding, *inter alia*, their rate of pay,

9

the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by NYLL § 195(1).

52. Due to Defendants' failure to provide Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by NYLL § 195(1), Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Collective Action Plaintiffs pray for the following relief:

i. Issuing an order restraining Defendants from any retaliation against Plaintiff and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii. Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and supporting regulations and the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii. Awarding unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

iv. Awarding unpaid wages pursuant to New York Labor Law and the supporting New York State Department of Labor Regulations, plus liquidated damages;

v. Awarding damages pursuant to New York Labor Law § 195(1), (3);

vi. Designating this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29

U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

vii. Awarding pre- and post-judgment interest as permitted by law;

viii. Awarding attorneys' fees and costs incurred in prosecuting this action; and

ix. Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
March 30, 2023

          LAW OFFICE OF PETER A. ROMERO PLLC
*Attorneys for Plaintiff*
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel.: (631) 257-5588

By:   */s/ Matthew J. Farnworth, Esq.*
       MATTHEW J. FARNWORTH, ESQ.
       PETER A. ROMERO, ESQ.

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Elite Rim Repair., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____
Galdino Santiago Cruz

18/Jul/2022
Date